[No. 16395. Department Two. July 29, 1921.]

ELLA NORDSTROM et al., Appellants, v. M. P. ZINDORF, Respondent.[1]

HIGHWAYS (62)—DEFECTIVE SIDEWALK—ACTION FOR INJURY—COMPLAINT—SUFFICIENCY. In an action to recover damages for injuries caused by a fall upon a defective sidewalk, a complaint against the abutting property owner was good as against a general demurrer, where it alleged that some four or five years before the accident it had been negligently and defectively constructed by defendants; that nails of proper size and sufficient in number to hold the boards for any length of time had not been used, thus making the sidewalk an unsafe place to walk upon; that, though unsafe, it presented a sound appearance, inviting its use by the public; that plaintiff was tripped and received the injuries complained of when a companion with whom she was walking stepped upon one end of a board which had become loose from the stringer to which it had been defectively nailed; that this board had been in such condition for a long time, and the defective condition of the walk was known, or by the exercise of reasonable care should have been known by defendant; and that the defective condition of the sidewalk was due to the carelessness and negligence of defendant.

[1] Reported in 199 Pac. 741.

Appeal from a judgment of the superior court for King county, Smith, J., entered January 24, 1920, upon sustaining a demurrer to the complaint, dismissing an action in tort. Reversed.

*Robert G. Cauthorn*, for appellants.

*McClure & McClure* and *Walter S. Osborn*, for respondent.

MITCHELL, J.—The only assignment of error is the action of the court below in sustaining a demurrer to the amended complaint on the ground that it failed to state a cause of action. The appellants sued to recover for personal injuries suffered by Mrs. Nordstrom due to a fall she sustained while walking on a board sidewalk the respondent had constructed on Lakeview Boulevard, in King county. The respondent owned the abutting property. Altogether the amended complaint is somewhat voluminous and contains some repetition, but in substance it is alleged, that the sidewalk had been negligently and defectively constructed so as to be unsafe, in that sufficient nails had not been used to hold the boards for any length of time; that the nails used were not of the proper size, making the sidewalk an unsafe place to walk upon; that the sidewalk, while in fact unsafe and dangerous to one who might walk upon it, presented a sound appearance so as to invite anyone to go upon it, and was so defectively constructed that it would become more dangerous; that it had been built some four or five years before the accident complained of. It is alleged that one of the boards had become loose at one end from the stringer to which it had been defectively nailed, and that another person walking with Mrs. Nordstrom stepped on one end of the board and caused it to fly up and trip Mrs. Nordstrom, thereby causing the injuries

complained of. It is further alleged "that this board had been in this condition for a long time prior thereto, and defendant knew, or by the exercise of reasonable care should have known, of said defective condition of said sidewalk. And such condition was the result of the defective manner in which said walk had been constructed, and was due to the carelessness and negligence of defendant in his maintenance or lack of maintenance of said sidewalk."

In support of the demurrer, it is, in effect, argued by the respondent that the amended complaint is susceptible of no other construction than that of charging him with the negligence of not maintaining a sidewalk in a reasonably safe condition for public use, and that, under the law which imposes that burden upon the county, the allegation that the accident occurred so long a time after the abutting property owner built the sidewalk does not state a cause of action. If such were the only effect of the allegations of the amended complaint it would appear as if the conclusion drawn is correct, under the statute and the rule announced in the case of *Bullock v. Yakima Valley Transp. Co.,* 108 Wash. 413, 184 Pac. 641, 187 Pac. 410, and cases therein cited. But the complaint is capable of, and must receive, a more liberal construction. It was not moved against in any manner, but tested solely by general demurrer. In such case all reasonable intendments in favor of the complaint must be indulged in, because of the statute compelling liberal construction of pleadings.

While it is true the amended complaint alleges that the accident occurred some four of five years after the sidewalk was built, it nevertheless is also alleged that the fault was in the negligent and defective construction; and referring to the particular board that caused

the fall, it is averred, in addition to its defective original fastening, that it would fly up and again "fly back in place so that no one could notice that said board was loose;·and that this board had been in this condition for a long time prior thereto (the accident), and defendant knew, or by the exercise of reasonable care should have known, of said defective condition of said sidewalk." For what length of time prior to the accident that condition existed the amended complaint gives no information; and thus respondent has rested upon a general demurrer against allegations which altogether are ample to admit proof sufficient to establish actionable negligence on the part of the respondent— negligence not of a passive kind in failing to maintain the walkway in a safe condition, but of an active sort consisting of defective original construction not readily or reasonably observable to others.

Reversed and remanded with directions to overrule the demurrer.

PARKER, C. J., MAIN, MACKINTOSH, and TOLMAN, JJ., concur.